# Hengst's Estate.

Entries in a book, made or caused to be made, by a father, of advancements to his children, are competent evidence, although the child charged had no knowledge of the entry.

ERROR to the common pleas of *York* county.

This was an issue sent to the common pleas by the orphans' court, to try whether George Hengst had been advanced by his father Michael Hengst in his life time, and to what amount. Upon the trial, to establish the fact that advancements had been made, the counsel for the administrators of the estate offered in evidence a book, which contained entries in the handwriting of Joseph Welshhous, made at the instance of Michael Hengst, and signed by him, charging several of his children with different sums of money advanced to them, and among others, George Hengst was charged with 580 dollars. The only question argued in the court below, and in this court, was, whether this book and the charge made in it, without the knowledge or consent of the said George Hengst, was competent evidence to charge him with the advancement.

The court below (Durkee, president) admitted the evidence, and sealed a bill of exceptions.

[Hengst's Estate.]

*Barnitz*, for plaintiff in error.
*Evans* and *Mayer*, contra.

The opinion of the Court was delivered by

Sergeant, J.—In this case, on an issue from the orphans' court, the court of common pleas admitted in evidence, an entry made at the request of the father, Michael Hengst, in his lifetime, and signed by him, of various sums advanced to his different children, to show an advancement to his son George Hengst, the defendant. The objection is, that the son was not a party to this entry, and therefore it ought not to affect him. An advancement, is an irrevocable gift by a parent in his lifetime to his child, on account of such child's share of his estate after the parent's decease. The father, whether he gave the child the money or not, might disappoint him of any farther acquisition, by making a will and bequeathing his estate to others. The result is the same, if, instead of making a will, he charges an advancement, and dies intestate. There is reason, therefore, why the deliberate act of the father should be evidence of the advancement against a child claiming under him, although the child was not a party to it. Such evidence of advancement has, it is believed, always been received in our courts, and many estates have been adjusted according to it. Under the custom of London, on which there are decisions in the English court of chancery, a similar mode of testifying the amount advanced is prescribed by the custom; and, perhaps, gave rise to the practice among us, under our acts for distributions. See 2 *Wilson's Bac. Abr.* 252; *Customs of London* 2; and cases cited.

On the other exceptions, we think the defendant's evidence was rightly rejected as irrelevant to the issue trying.

Judgment affirmed.